UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 15-10272-LTS |
| ) | |
| LOUIS BUONOCORE, ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**SOROKIN, D.J.**

WHEREAS, on September 21, 2015, the United States Attorney for the District of Massachusetts filed a two-count Information charging defendant Louis Buonocore (the "Defendant"), with Conspiracy, in violation of 18 U.S.C. § 371 (Count One), and Securities Fraud, in violation of 15 U.S.C. §§ 78(j)(b), 78ff(a), and 17 C.F.R. § 240.10b-5 (Count Two);

WHEREAS, the Information also contained A forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28 U.S.C. 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One and Two of the Information, of any property, constituting, or derived from, proceeds directly or indirectly, as the result of such violation;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such property, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(C);

WHEREAS, on November 17, 2015, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information;

WHEREAS, as part of his plea, the Defendant agreed to forfeit to the United States $1,196,357 in United States currency on the grounds that such amount constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of the Defendant's offenses;

WHEREAS, based on the Defendant's guilty plea on November 17, 2015, the United States has established the requisite nexus between the proceeds the Defendant obtained and the Defendant's offenses, and accordingly, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $1,196,357 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C);

WHEREAS, the amount of $1,196,357 constitutes proceeds that the Defendant obtained as a result of the Defendant's crimes;

WHEREAS, the United States has filed a Motion for Order of Forfeiture that would consist of a personal money judgment against the Defendant in the amount of $1,196,357 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $1,196,357 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(2) and 28 U.S.C. 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. § 982(a)(2), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

LEO T. SOROKIN
United States District Judge

Dated: 8/25/2016